"while counsel for the plaintiff had the floor, he abruptly stated that he would take a voluntary nonsuit." The trial judge, however, refused to permit the plaintiff to take a voluntary nonsuit and entered a judgment of involuntary nonsuit. From the judgment, the plaintiff appealed.

*Don Davis, Ottway Burton for plaintiff, appellant.*
*Smith, Moore, Smith, Schell & Hunter, By: Bynum M. Hunter for defendant, appellee.*

PER CURIAM. The rule is uniformly observed in this State that a plaintiff, in an ordinary civil action, against whom no counterclaim is asserted and no affirmative relief is demanded, may take a voluntary nonsuit and get out of court at any time before verdict. *Everett v. Yopp,* 247 N.C. 38, 100 S.E. 2d 221. The judgment of involuntary nonsuit is, therefore, set aside. The cause is remanded to the Superior Court of Randolph County where judgment of voluntary nonsuit will be entered.

Reversed and Remanded.

---

OTTWAY BURTON v. DANIEL LEWIS MATTHEWS, AND WIFE ETTA MATTHEWS, AND LEE BROWN.

(Filed 29 April, 1959.)

APPEAL by plaintiff from *Johnston, J.,* November Term, 1958, of RANDOLPH.

Civil action to recover compensation for services.

Prior to trial, demurrers by defendants Etta Matthews and Lee Brown were sustained; and, as to them, the action was dismissed. Plaintiff did not except to or appeal from these rulings.

At trial, the jury, answering the one issue submitted, found that plaintiff was entitled to recover from defendant Daniel Lewis Matthews the sum of $100.00. Judgment, in accordance with verdict, was entered. Plaintiff excepted and appealed, assigning errors.

*Don Davis for plaintiff, appellant.*
*No counsel contra.*

PER CURIAM. While each of plaintiff's assignments has been care-

Nelms v. Nelms.

fully considered, none discloses prejudicial error or merits particular discussion. Hence, the verdict and judgment will not be disturbed.

No error.

---

JULIUS EDWARD NELMS v. MABEL BLACKWELL NELMS.

(Filed 6 May, 1959.)

**1. Courts § 14—**
   The General County Court of Wilson County is given statutory jurisdiction of actions for divorce and alimony concurrent with that of the Superior Court. G.S. 7-279(6).

**2. Divorce and Alimony § 6—**
   The statutory provision that in an action for divorce the summons shall be returnable to the court of the county in which either the plaintiff or defendant resides, relates to venue and is not jurisdictional. G.S. 50-3.

**3. Same: Courts § 14: Venue § 3—**
   Motion for change of venue as a matter of right must be made in writing within thirty days after service of summons, G.S. 1-125, and where, in an action for divorce instituted in a general county court of a county of which neither of the parties is a resident, defendant demurs to the complaint on the ground of want of jurisdiction but does not move for change of venue until after the expiration of thirty days from the service of summons, change of venue as a matter of right is waived. G.S. 1-83.

BOBBITT, J., concurring.

PARKER, J., dissenting.

HIGGINS AND MOORE, JJ., concur in dissent.

APPEAL by defendant from *Fountain, S. J.*, at September-October 1958 Civil Term of WILSON.

Civil action to dissolve absolutely the bonds of matrimony existing between the plaintiff and the defendant, on the grounds of two years' separation.

These facts are not controverted:

(I) That on 13 March, 1958, plaintiff, a resident of Pitt County, instituted this action and filed complaint therein in the General County Court of Wilson County against defendant, a resident of Nash County, all in North Carolina;

(II) That summons and complaint were served on defendant on 14 March, 1958;